IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAHLBERG MCCREARY, INC. | § | |
| MCCREARY MANUFACTURING CO., INC. | § § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ARCH INSURANCE GROUP, INC. | § | |
| YORK RISK SERVICES GROUP, | § | |
| WORLEY CSD, STEVE MAZEY | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT ARCH INSURANCE GROUP, INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Arch Insurance Group, Inc. ("Arch"), in Cause No. 2017-48281, pending in the 80th District Court of Harris County, Texas, files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows the Court the following:

### I.     FACTUAL BACKGROUND

1.     This is an insurance claim based on alleged property damage to a commercial property located in Houston, Texas.  On or about July 20, 2017, Wahlberg McCreary, Inc. and McCreary Manufacturing Co., Inc. ("McCreary" or "Plaintiffs") filed their Original Petition in the matter styled as Cause No. 2017-48281; *Wahlberg McCreary, Inc., et al v. Arch Ins. Group, Inc., et al,* in the 80th Judicial District Court of Harris County, Texas.  According to Plaintiffs' Original Petition, Arch insured the property and York Risk Services Group ("York"), Worley

CSD ("Worley"), and Steve Mazey ("Mazey") served as adjusters during the claims process. Plaintiff asserts that Arch, York, Worley, and Mazey have intentionally delayed and underpaid their claim.

2. Plaintiff served Arch with its Original Petition on or about September 1, 2017. Arch filed its Original Answer and General Denial on September 22, 2017. Accordingly, Arch files this timely Notice of Removal within thirty (30) days of receiving service of process and citation. *See* 28 U.S.C. §1446(b).

## II.   BASIS FOR REMOVAL

3. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### A.   The Proper Parties Are Diverse

4. Upon information and belief, Plaintiffs are, and were at the time the lawsuit was filed, corporations domiciled in Texas.

5. Defendant Arch is, and was at the time the lawsuit was filed, a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in New Jersey.

6. Defendant York is, and was at the time the lawsuit was filed, a corporation organized and existing under the laws of the State of New York, with its principal place of business in New Jersey.

7. Defendant Worley is, and was at the time the lawsuit was filed, a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business also located in that state.

8. Defendant Mazey is an individual domiciled in the State of Texas and is classified as a citizen of the State of Texas. Nevertheless, Mazey has been improperly joined and his citizenship should be disregarded for the purposes of evaluating diversity jurisdiction.

**B. Improper Joinder Standards**

9. This Court should find that Mazey has been improperly joined solely to defeat diversity. A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). In the instant action, Plaintiffs fail to state any actionable state law cause of action against Mazey. To determine "whether the complaint states a claim under state law against the in-state defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

10. The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard: <u>not</u> Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted). This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b). *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016). When these principles are applied, it is evident that Mazey has been joined solely to defeat diversity jurisdiction.

C.     **Mazey Has Been Improperly Joined**

11.    Plaintiffs cannot establish any claim against Mazey individually that would show he is properly joined. First, Mazey was acting on behalf of Arch, and any of his actions were necessarily those of Arch, a point which Section G of Plaintiff's Original Petition concedes. *See* Plaintiffs' Original Petition at Section G, ¶ 17. As such, Plaintiffs have failed to state an actionable claim against Mazey as an individual defendant.

12.    Next, Plaintiffs have not alleged any specific facts against Mazey himself that would lead to individual liability. Instead, each allegation against him is either couched in the plural "Defendants" or otherwise describes Mazey acting within the course and scope of his employment. *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, H-09-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (finding allegations made without facts attributed to adjuster individually did not provide a reasonable basis for recovering from the adjuster); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). In fact, every allegation against Mazey in Plaintiffs' Original Petition refers to him together with the other named defendants as either "Defendants" or "Defendant Adjusters." *TAJ Prop., LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (holding that an adjuster was improperly joined when all claims were made generally against "Defendants" without specific allegations regarding the adjustor's independent actions). While an adjuster may theoretically be liable for a violation of the Insurance Code, a plaintiff must nevertheless allege some factual basis that would support *individual* liability. *Id.* Because Plaintiffs have not done so against Mazey, it is evident that he has been improperly joined solely to defeat diversity jurisdiction.

13.    Further, Plaintiffs' Original Petition carelessly misidentifies the insured property. Plaintiffs' Original Petition at Section H, ¶ 39 (incorrectly stating the property is located at an

address in Fort Worth, Texas). The petition also misidentifies sections of the Texas Insurance Code which Plaintiffs allege Defendants have collectively violated. Plaintiffs' Original Petition at Section I, ¶¶ 64, 68, 69 (citing to Code subsections that do not exist). In addition to Plaintiffs' failure to allege any actionable conduct performed by Mazey individually, such inattention to detail supports the conclusion that Plaintiffs have haphazardly filed suit without regard for the particular factual details of their claim.

14. Moreover, many of the presumable causes of action Plaintiffs assert against the named defendants collectively are not even actionable against Mazey as an individual adjuster. Several courts have already ruled that many of the commonly asserted causes of action against insurance adjusters – just like those here – are not actionable. For example:

- Plaintiffs cannot recover against Mazey under Insurance Code §541.060(a)(2)(A). *Mainali Corp.*, 2015 WL 5098047 at *4, *citing One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277 at*4 (N.D. Tex. Dec. 11, 2014); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.,* No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016). This is the case because an adjuster merely assesses the claimed damages without any settlement authority on behalf of the insurer. *Id.*

- Plaintiffs cannot recover against Mazey under Insurance Code §541.060(a)(3). *Lopez v. United Prop. & Cas. Ins. Co*., No. 3:16-CV-0089, 2016 WL 3671115, at *4 (S.D. Tex. July 11, 2016) *citing id.* Not only does an adjuster not have authority to affirm or deny coverage to a policyholder, an adjuster also does not have an actual obligation to provide a reasonable explanation of the basis in the policy for the insurer's position. *Id.*

- Plaintiffs cannot recover against Mazey under Insurance Code §541.060(a)(7). *Id.* As with the preceding sections, the people who can be held liable are those with the actual ability to pay the claim, not the individual responsible for conducting the investigation.

- Plaintiff also cannot recover against Mazey for any violations of Chapter 542 because it "only applies to specifically listed 'insurers,' and [Mazey], an adjuster, is not an insurer." *Mainali Corp*., 2015 WL 5098047; *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723 (N.D. Tex. 2014).

- Plaintiff cannot recover on its DTPA claims against Mazey for the same reasons that it cannot recover on its Insurance Code causes of action. *Id.*

As these claims are not actionable against Mazey, they do not provide a reasonable basis to predict recovery against him.

15. The same is true of Plaintiffs' claims for alleged misrepresentations, which must meet the heightened scrutiny of Rule 9(b). *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015). The only misrepresentations alleged by Plaintiffs occurred after the loss in question. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins*. Co., H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011) ("Texas courts consistently hold [post-loss misrepresentations] do not give rise to DTPA or Insurance Code liability, especially when they pertain to coverage."), *citing Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 & n. 55 (Tex. 1990). Moreover, Plaintiff does not allege how it relied on any purported misrepresentation or how it was somehow damaged by them apart from any benefits that were due under the policy. Other courts in this district have recognized that when misrepresentation claims arise solely from the insurance contract, they do not state an actionable claim against the individual adjuster. *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London*, CV H-16-234, 2016 WL 4494439, at *5 (S.D. Tex. Aug. 26, 2016) (internal citations omitted). Accordingly, Plaintiffs cannot recover on a claim for misrepresentation against Mazey individually.

**F.   The Amount in Controversy Exceeds the Jurisdictional Requirements for Diversity Jurisdiction.**

16. The amount in controversy requirement for diversity jurisdiction is satisfied in this case as demonstrated by Plaintiffs' Original Petition in which Plaintiffs stipulate that "the damages in this matter exceed $1,000,000, excluding interest and costs." *See* Plaintiffs' Original Petition at Section D, ¶ 8. This amount exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III. REMOVAL IS PROCEDURALLY CORRECT

17. Arch received service on September 1, 2017. Accordingly, Arch files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

18. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

19. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

20. Pursuant to 28 U.S.C. §1446(d), promptly after Arch files this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

21. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Harris County District Court promptly after Arch files this Notice.

### IV. CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are incorporated by reference, Defendant Arch Insurance Group, Inc. hereby removes this case to this court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ James N. Isbell
James N. Isbell
Attorney-In-Charge
State Bar No. 10431900
Southern District Bar No. 0450
E-mail: jisbell@thompsoncoe.com
Christopher H. Avery
State Bar No. 24069321
Southern District Bar No. 1048951
E-mail: cavery@thompsoncoe.com

One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEYS FOR DEFENDANT
ARCH INSURANCE GROUP, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2017, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to plaintiff's counsel of record Robert D. Green, Daniel P. Barton, Wayne D. Collins, and Hunter M. Klein, GREEN & BARTON, 1201 Shepherd Dr., Houston, Texas 77007.

/s/ Christopher H. Avery
Christopher H. Avery