**Harris County Docket Sheet**

# 2017-48281

**COURT:**  080th
**FILED DATE:**  7/20/2017
**CASE TYPE:**  Debt/Contract - Consumer/DTPA



## WAHLBERG MCCREARY INC

Attorney: BARTON, DANIEL PATRICK

### vs.

## ARCH INSURANCE GROUP INC

Attorney: ISBELL, JAMES N.

| Document | Post Jdgm | Date | Pgs |
|---|---|---|---|
| Defendants Arch Insurance Group, Inc., York Risk Services Group, Worley CSD and Steve Mazey's Original Answer and General Denial | | 09/22/2017 | 2 |
| Defendant's Original Answer to Plaintiffs' Original Petition | | 09/05/2017 | 7 |
| Citation | | 09/05/2017 | 2 |
| Citation | | 09/01/2017 | 3 |
| Citation | | 09/01/2017 | 3 |
| PLAINTIFFS ORIGINAL PETITION | | 07/20/2017 | 18 |
| Civil Case Information Sheet | | 07/20/2017 | 1 |
| Civil Process Request | | 07/20/2017 | 2 |

7/20/2017 6:48 PM
Chris Daniel - District Clerk Harris County
Envelope No. 18338911
By: Justin Kitchens
Filed: 7/20/2017 6:48 PM

# 2017-48281 / Court: 080

CAUSE NO. _____

| | | |
|---|---|---|
| **WAHLBERG MCCREARY, INC.** | § | **IN THE DISTRICT COURT OF** |
| **MCCREARY MANUFACTURING CO.,** | § | |
| **INC.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ARCH INSURANCE GROUP, INC.** | § | **HARRIS COUNTY, TEXAS** |
| **YORK RISK SERVICES GROUP,** | § | |
| **WORLEY CSD, STEVE MAZEY** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

---

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff WAHLBERG MCCREARY, INC. AND MCCREARY MANUFACTURING CO., INC. ("Wahlberg") and files this, its Original Petition, and for causes of action against Arch Insurance Group, Inc. ("Arch"), York Risk Services, Inc., Worley CSD, Steve Mazey ("Adjusters") (collectively referred to as "Defendants"), would show unto the Court and the jury the following:

### A.   DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Tex.R.Civ.P. 190.

### B.   PARTIES AND SERVICE OF PROCESS

2.      Plaintiffs are the owners of the property and named insureds on the Insurance Policy that is the subject of this lawsuit. Wahlberg owns the property situated at 7415 Empire Central, Houston TX 77040 (hereinafter "The Property") and are domiciled at 3810 Dacoma, Houston TX 77092.

3.      Defendant Arch engaged in the business of insurance in Texas, operating for the

---

purpose of accumulating monetary profit and has its principal place of business at 4801 Woodway Drive, Houston TX 77056.  Arch regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Arch does maintain an agent for service in Texas and accordingly may be served with process by serving certified mail, return receipt requested, to Bob Gefers, 4801 Woodway Dr., Houston TX 77056- 1884 or wherever the company may be found. Citation is requested, at this time.

4. Defendant Worley CSD ("Worley") engaged in the business of insurance and insurance adjusting in Texas, operating for the purpose of accumulating monetary profit.  Worley regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Worley does maintain an agent for service in Texas and accordingly may be served with process by serving certified mail, return receipt requested, to C.T.Corp, 1999 Bryan Street, Suite 900, Dallas TX 75201-3136, or wherever the company may be found. Citation is requested, at this time.

5. Defendant York Risk Services Group ("York") engaged in the business of insurance and insurance adjusting in Texas, operating for the purpose of accumulating monetary profit. regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  York does maintain an agent for service in Texas and accordingly may be served with process by serving certified mail, return receipt requested, to Corporation Service Co. 211 E. 7th Street, Suite 620, Austin TX 78701-3218, or wherever the company may be found. Citation is requested, at this time.

6. Defendant Steve Mazey is an individual and property adjuster on behalf of Defendant Arch. These causes of action arise out of Steve Mazey's decision to ignore obvious damage to the roof resident and may be served with personal service by a process server at his place of business at

1117-A Patricia, San Antonio TX, or wherever he may be found. Citation is requested at this time.

### C.   STATUTORY AUTHORITY

7.     This suit is being brought, in part under the Tex. Bus. & Comm. Code, Sec. 1741 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.*, Chap. 542.051 *et se.*, and Tex. Civ. Prac. & Rem. Code § 38.01 *et seq.*

### D.   JURISDICTION

8.     This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff stipulates that the damages in this matter exceed $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but made stipulation as required by TEX.R.CIV.P. 47.

9.     The Court has jurisdiction over Defendants Arch, York and Worley, because these defendants engage in the business of insurance/insurance adjusting in the State of Texas and the causes of action arise out of Defendant's business activities in the State of Texas.

10.     The Court has jurisdiction over Steven Mazey because he is an individual and independent estimator/property adjuster on behalf of Defendants Arch, York and Worley. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiff's windstorm/hail storm claim in the State of Texas.

### E.   VENUE

11.     Venue for this suit is proper in Harris County UNDER TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County and the Defendants principle place of business is in

---

*Plaintiff's Original Petition*

Harris County Texas.

### F.     NOTICE AND CONDITIONS PRECEDENT

12.     Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages and expenses in the manner and form required.

13.     All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policies in question have been performed, occurred, or have been waived by Defendants.

### G.     FACTS

14.     This lawsuit arises out of the following transactions, acts, omissions, and/or events.

15.     The Property owned by Wahlberg was severely damaged by a two storm events occurring in April 2016 and May 2016.   After, the May 2016 storm the property had significant damage and developed numerous additional leaks.

16.     According to estimates and inspections the roof needs to be completely replaced.

17.     Defendant Arch assigned Steven Mazey/York/Worley as the independent claim adjuster and estimator to determine the extent of the damages suffered by Plaintiff.  Defendant Adjusters, who inspected The Property, made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.  Defendant Adjusters failed to fully quantify Plaintiff's damages, and instead, grossly undervalued the loss, demonstrating that he did not conduct a thorough investigation of Plaintiff's claim. Defendant Adjusters conducted a substandard inspection of The Property evidenced by their report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.  Defendant Adjusters failed to thoroughly review and

---

properly supervise the inspection of the Property which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant Adjusters knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. As a result of Defendant Adjusters' conduct, Plaintiff's claim was underpaid and partially-denied. Without basis and with intent to damage the Plaintiff, Defendant Adjusters concluded that the admitted water intrusion throughout the sub surface of the roof was not the result of the admitted damage to roof caused by the windstorm. This wrong determination was intentionally made to undervalue the claim.

18.     Plaintiff timely filed its respective claims with Defendants.

19.     Arch, through the Adjusters, improperly adjusted the claim.  Specifically, the Adjusters inspected the property and found damage which required HVAC repair, significant water extraction and ceiling repair.  Although it was evident that water intrusion had occurred the Adjusters specifically and intentionally ignored the issues with the roof and grossly undervalued the damages cause the storm.  Further, the adjusters intentionally miscalculated the damages to which they admitted in their estimate.

20.     All payments on Plaintiff's policy were current, and the policy was in full force on the date of the loss. Although the claims were submitted in proper form and within the time specified in the insurance policy, Defendants have failed to properly pay for all the damages, failed to properly adjust the claims, and failed to properly estimate the value of such damages.  In fact, Defendants have improperly delayed the adjustment of the claims and intentionally misrepresented the facts and circumstances of this loss to the Plaintiff.

21.     To date Defendants have failed to meet the basic obligations to Plaintiff, which include conducting an investigation into the cause of loss, issuing timely payments for undisputed

---

damages, issuing payment for all lines of coverage owed under the policy, furnishing a written explanation of which items are covered under the previously issued payment, and failing to confirm or deny the claim within a reasonable amount of time.

22.     Plaintiff has attempted on numerous occasions to obtain full and complete payments for covered losses pursuant to Arch's insurance policy.

23.     Defendant Arch, acting through their agents, servants, representatives and employees have failed to properly investigate, evaluate and adjust Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

24.     Defendants have failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claims, choosing instead to hide behind palpably incorrect assumptions of its agents, employees, and/or consultants.

25.     Defendants failed or refused and continue to fail or refuse to pay covered claims on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead Defendants have wrongfully delayed or denied claims when liability for coverage under the policies was reasonably clear.

26.     In contrast, Plaintiff has cooperated with every request made by Defendants and has displayed, at all reasonable times, all of its relevant records, documents, buildings, and contents that are subject to this catastrophic loss.

27.     Defendants have persisted in delay or denial to pay the full amounts due for Plaintiff's claims even though a person of ordinary prudence or care would have done otherwise.

28.     No reasonable basis exists for Defendants to delay and/or refuse to provide covered benefits due and owing under the insurance policies in question.

29.     No reasonable basis exists for Defendants to delay and/or refuse to pay covered

---

benefits due and owing under the insurance policy in question.

30.     Defendants refused/and or failed to properly evaluate the obvious damages to The Property, forcing Plaintiff to hire its own experts and incur additional expenses.

31.     Defendants, after conducting inspections of the damaged insured properties and after having received Plaintiff's information regarding the damages, refused and/or failed to pay undisputed monies/funds owed to Plaintiff.

32.     Defendants refused to fully compensate Plaintiff under the terms of the policies, even though Defendants, failed to conduct a reasonable investigation in violation of the Texas Unfair Competition and Unfair Practices Act, Tex. Ins. Code § 541.060(7).

33.     Defendants performed outcome oriented investigations of Plaintiff's claims, which resulted in biased, unfair, and inequitable evaluations of Plaintiff's losses on the properties. Defendants' conduct constitutes violations of Tex. Ins. Code 541.060(7).

34.     Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and to date Plaintiff has not yet received full payment for the claims. Defendants are in violation of Tex. Ins. Code § 542.055.

35.     From and after the time Plaintiffs' claims were presented to Defendants, their liability to pay the full claims in accordance with the terms of the policies were reasonably clear. However, Defendants refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurer would have relied on to deny full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

36.     As a result of Defendants' acts and omissions, Plaintiff was forced to retain the undersigned attorneys who are representing Plaintiff in this cause of action.

---

*Plaintiff's Original Petition*

37.     Plaintiff's experiences are not isolated cases. The acts and omissions committed by Defendants in this case, or similar acts and omissions occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of policyholders.

## H.     CAUSES OF ACTION AGAINST DEFENDANTS

### COUNT I - BREACH OF CONTRACT

38.     Plaintiff incorporates paragraphs one through thirty-nine as though fully stated herein.

39.     Plaintiff and Defendant Arch executed valid and enforceable written insurance contracts providing insurance to the insured location at 3601 Bell Drive, Fort Worth, Texas, Plaintiff from the peril of windstorm among other perils. Defendants have complete copies of these policies in their possession.

40.     All damages and loss to The Property were caused by a direct result of a peril for which Plaintiff was insured pursuant to the policy, namely windstorm damage.

41.     Plaintiff suffered significant losses with respect to The Property and additional expenses as a result of the windstorm damage.

42.     Plaintiff submitted claims to Defendants pursuant to the contracts of insurance for damages as a result of windstorm damage.

43.     Plaintiff provided Defendants with proper notice of damage to the exterior and interior of The Property.

44.     Defendants failed to properly evaluate the damages resulting from the covered cause of loss, windstorm.

45.     Defendants failed to retain the appropriate experts and/or consultants to evaluate the

---

*Plaintiff's Original Petition*

windstorm damages to the subject properties.

46.     As of this date, Defendants have failed to pay for the windstorm damages to Plaintiff's Property.

47.     Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to Insurance Policy.

48.     Defendants Arch, York and Worley acting through their agents, servants, representatives, and employees, have failed to properly investigate, evaluate, and adjust Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

49.     Defendants Arch and Adjusters have failed and refused to evaluate the information surrounding facts regarding Plaintiffs' covered claims, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees, or consultants.

## COUNT II – VIOLATIONS OF THE TEXAS
## UNFAIR CLAIMS PRACTICES ACT

50.     Plaintiff incorporates the preceding paragraphs as though fully stated herein.

51.     Defendants are required to comply with Tex. Ins. Code §§ 541.051; 541.060; 541.061; and 541.151.

52.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, including refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

53.     Defendants misrepresented the insurance policy to Plaintiff and is in violation of Tex. Ins. Code 541.061 *et seq.* including:

   (1)   Making an untrue statement of material fact;

   (2)   Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were

---

made;

(3)     Making a statement in a manner that would mislead a reasonably prudent
        person to a false conclusion of a material fact;

(4)     Making a material misstatement of law;

(5)     Failing to disclose a matter required by law to be disclosed, including failing
        to make a disclosure in accordance with another provision of this code.

54.     Defendants' unfair settlement practices, as described above, of failing to attempt in

good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though

Defendants' liability under the policy was reasonably clear, constitutes and unfair method of

competition, and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code

§§ 541.051; 541.060; and 541.061.

### COUNT III – NON-COMPLIANCE WITH TEXAS INSURANCE CODE
### CHAPTER 542 PROMPT PAYMENT OF CLAIMS ACT

55.     Plaintiff incorporates the preceding paragraphs as though fully stated herein.

56.     Defendants' conduct constitutes multiple violations of the Texas Prompt Payment of

Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable

by Tex. Ins. Code Section 542.060.

57.     By accepting insurance premiums but refusing without a reasonable basis to pay

benefits due and owing, Defendants have engaged in an unconscionable action or course of action

as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack

of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a

gross disparity between the consideration paid in the transaction and the value received, in violation

of Chap. 541 of the Texas Insurance Code.

---

*Plaintiff's Original Petition*

## COUNT IV – BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

58.     Plaintiff incorporates the preceding paragraphs as though fully stated herein.

59.     Defendants' conduct, as fully specified in Section G as well as the preceding paragraphs, constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to their insurance contracts.

60.     Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

61.     Defendants' failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

### I.     CAUSES OF ACTION AGAINST DEFENDANT ARCH

### COUNT V– UNFAIR SETTLEMENT PRACTICES

62.     Plaintiff incorporates the preceding paragraphs as though fully stated herein.

63.     Defendant Arch is an entity that is required to comply with Tex. Ins. Code §§ 541.051; 541.060; 541.061; and 541.151.

64.     Defendant Arch's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

65.     Defendant Arch's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant Arch's liability under the Policy was reasonably clear, constitutes an unfair method of

---

*Plaintiff's Original Petition*

competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

66.     Defendant Arch's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

67.     Defendant Arch's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

68.     Defendant Arch's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

69.     Defendant Arch's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Arch refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### COUNT VI – NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

70.     Defendant Arch's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX.INS.CODE §542.060.

71.     Defendant Arch's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

72.     Defendant Arch's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

73.     Defendant Arch's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims.  TEX.INS.CODE §541.058.

### COUNT VII – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

74.     Defendant Arch's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

75.     Defendant Arch's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Arch knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

---

*Plaintiff's Original Petition*

### J.   CAUSES OF ACTION AGAINST DEFENDANT MAZEY, YORK AND WORLEY
### COUNT VIII – UNFAIR SETTLEMENT PRACTICES

76.   Plaintiff incorporates the preceding paragraphs as though fully stated herein.

77.   Defendant Adjusters, adjusters on behalf of Arch, is required to comply with Tex. Ins. Code §§ 541.051; 541.060; 541.061; and 541.151.

78.   Defendant Adjusters are individually liable for their unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Defendant Arch. Defendant Adjusters are required to comply with Tex. Ins. Code § 541.151, and is defined by the Texas Insurance Code as a "Person." Under Tex. Ins. Code § 541.002(2), "Person" is defined as any individual, corporation, association, partnership, reciprocal, or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor. TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

79.   Defendant Adjusters' conduct, as specifically described in Section G, constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151. Defendant Adjusters' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

80.   Defendant Adjusters' unfair settlement practice, as specifically described in Section G, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the

claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

81.     The unfair settlement practice of Defendant Adjusters, as specifically described in Section G, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

82.     Defendant Adjusters' unfair settlement practice, as specifically described in Section G, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

83.     Defendant Adjusters' unfair settlement practice, as specifically described in Section G, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

84.     Defendant Adjusters conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §§42.003(5).

## K.     KNOWLEDGE AND INTENT

85.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

---

*Plaintiff's Original Petition*

### L.    JURY DEMAND

86.    Plaintiff respectfully demands a trial by jury.

### M.    REQUEST FOR DISCLOSURE

87.    Pursuant to Rule 194, Plaintiff requests that Defendants disclose, within fifty (50) days of service of this request, the information outlined in T.R.C.P. 194(2)(a)(1).

### N.    DAMAGES AND PRAYER

88.    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff herein, complains of Defendants and prays that they be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

89.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or contributing causes of damages sustained by Plaintiff.

90.    For breach of contract by Defendants, Plaintiff is entitled to regain the benefit of its bargain, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policies, together with attorneys' fees, pursuant to Tex. Civ. Prac. & Rem. Code § 38.01 *et seq.*

91.    For noncompliance with the Texas Insurance Code by Defendants, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policies, including but not limited to direct and indirect consequential damages, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for three times their actual damages, pursuant to Tex. Ins. Code § 541.152 *et seq.*

92.    For violation of the Texas Deceptive Trade Practices Act by Defendants, Plaintiff is entitled to actual damages which include the loss of benefits that should have been paid pursuant to the policies, including but not limited to direct and indirect consequential damages, mental anguish,

---

*Plaintiff's Original Petition*

court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks three times in actual damages pursuant to Tex. Ins. Code § 17.50(b)(1),

93.     The denial and/or wrongful delay to provide Plaintiff with the insurance benefits by Defendants was part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policyholders.

94.     In order to punish Defendants and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

95.     For violations of the Common Law Duty of Good Faith and Fair Dealing by Defendants, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

96.     Plaintiff seeks any and all relief to which the Court may find Plaintiff to be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

BY:    */s/Daniel P. Barton*
               ROBERT D. GREEN
               State Bar No. 08368025
               DANIEL P. BARTON
               State Bar No.: 00789774
               WAYNE D. COLLINS
               State Bar No.: 00796384
               HUNTER M. KLEIN
               State Bar No. 24082117
               1201 Shepherd Drive
               Houston, Texas 77007
               (713) 227-4747- Telephone
               (713) 621-5900- Fax
               green@greentriallaw.com
               dbarton@bartonlawgroup.com
               wcollins@bartonlawgroup.com
               klein@greentriallaw.com

**ATTORNEYS FOR PLAINTIFF**

7/20/2017 6:48:08 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 18338911
By: KITCHENS, JUSTIN R
Filed: 7/20/2017 6:48:08 PM

CIVIL CASE INFORMATION SHEET (REV. 2/13)

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* _____ |

Wahlberg McCreary, Inc., et al v. Arch Insurance Group, Inc. et al

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: Daniel P. Barton | Email: dbarton@bartonlawgroup.com | Names of parties in case: Plaintiff(s)/Petitioner(s): WAHLBERG MCCREARY, INC. MCCREARY MANUFACTURING CO., INC | Person or entity completing sheet is: ☑ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| Address: 1201 Shepherd Drive | Telephone: (713) 227-4747 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, TX 77007 | Fax: (713) 621-5900 | Defendant(s)/Respondent(s): ARCH INSURANCE GROUP, INC. YORK RISK SERVICES GROUP WORLEY CSD , STEVE MAZEY | Custodial Parent: _____ Non-Custodial Parent: _____ Presumed Father: _____ |
| Signature: [signature] | State Bar No: 00789774 | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract* ☒ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order |
| | | ☐ Expunction ☐ Judgment Nisi ☒ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

7/20/2017 6:48:08 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 18338911
By: KITCHENS, JUSTIN R
Filed: 7/20/2017 6:48:08 PM

## CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):    **PLAINTIFFS' ORIGINAL PETITION**

**FILE DATE OF MOTION:** _____ 07/20/2017 _____
                                          Month/        Day/        Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME:  Arch Insurance Group, Inc.

    ADDRESS:  4801 Woodway Dr., Houston TX 77056- 1884, or wherever he may be found

    AGENT, (if applicable):  Bob Gefers

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):  Citation

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**                      ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- ☐ **MAIL**                                  ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:     ☐ **COURTHOUSE DOOR,  or**
                              ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☒ **OTHER,** explain  Return to undersigned attorney

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2.  NAME:  Worley CSD

    ADDRESS:  1999 Bryan Street, Suite 900, Dallas TX 75201-3136    or wherever he may be found

    AGENT, (if applicable):  C.T.Corp

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):  Citation

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**                      ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- ☐ **MAIL**                                  ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:     ☐ **COURTHOUSE DOOR,  or**
                              ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☒ **OTHER,** explain  Return to undersigned attorney

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Daniel P. Barton                      TEXAS BAR NO./ID NO.  00789774

MAILING ADDRESS:  1201 Shepherd Drive, Houston, TX 77007

PHONE NUMBER:  (713) 227-4747                FAX NUMBER:  (713) 621-5900
                area code    phone  number                 area code    fax  number

EMAIL ADDRESS:  dbarton@bartonlawgroup.com  or  angela@bartonlawgroup.com

CIVC108 Revised 9/3/99

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____      CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): **PLAINTIFFS' ORIGINAL PETITION**

FILE DATE OF MOTION: _____ 07/20/2017 _____

                                    Month/       Day/      Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: __York Risk Services, Inc_____

    ADDRESS: ___211 E. 7th Street, Suite 620, Austin TX 78701-3218___ or wherever he may be found

    AGENT, (if applicable): __Corporation Service Co._____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): __Citation__

    SERVICE BY (check one):
        ☐ ATTORNEY PICK-UP           ☐ CONSTABLE
        ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
        ☐ MAIL           ☐ CERTIFIED MAIL
        ☐ PUBLICATION:
        Type of Publication:   ☐ COURTHOUSE DOOR,  or
                    ☐ NEWSPAPER OF YOUR CHOICE: _____
        ☒ OTHER, explain __Return to undersigned attorney_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: __Steve Mazey_____

    ADDRESS: ___1117-A Patricia, San Antonio, TX 78213-1332___ or wherever he may be found

    AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

    SERVICE BY (check one):
        ☐ ATTORNEY PICK-UP           ☐ CONSTABLE
        ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
        ☐ MAIL           ☐ CERTIFIED MAIL
        ☐ PUBLICATION:
        Type of Publication:   ☐ COURTHOUSE DOOR,  or
                    ☐ NEWSPAPER OF YOUR CHOICE: _____
        ☒ OTHER, explain __Return to undersigned attorney_____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: __Daniel P. Barton_____ TEXAS BAR NO./ID NO. __00789774__

MAILING ADDRESS: __1201 Shepherd Drive, Houston, TX 77007_____

PHONE NUMBER: ____(713) 227-4747____ FAX NUMBER: ____(713) 621-5900____

         area code     phone  number            area code    fax  number

EMAIL ADDRESS: __dbarton@bartonlawgroup.com__ or __angela@bartonlawgroup.com__

CIVC108 Revised 9/3/99

9/5/2017 3:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19236908
By: ALEX CASARES
Filed: 9/5/2017 3:23 PM

CAUSE NO.  201748281

RECEIPT NO.                    0.00        NTA
                 **********          TR # 73398388

PLAINTIFF: WAHLBERG MCCREARY INC          In The   80th
                    vs.                   Judicial District Court
DEFENDANT: ARCH INSURANCE GROUP INC       of Harris County, Texas
                                          80TH DISTRICT COURT
                                          Houston, TX

                        CITATION

THE STATE OF TEXAS                        *46478-1*
County of Harris

TO: ARCH INSURANCE GROUP INC MAY BE SERVED BY SERVING ITS REGISTERED AGENT
    BOB GEFERS

                                          *87 Williamsburg Ln*
                                          *Houston, TX 77024*

        Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 26th day of July, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of July, 2017, under my hand and
seal of said Court.

Issued at request of:                     CHRIS DANIEL, District Clerk
BARTON, DANIEL                            Harris County, Texas
1201 SHEPHERD DRIVE                       201 Caroline, Houston, Texas 77002
HOUSTON, TX 77007                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 227-4747
Bar No.: 789774                           Generated By: BRINCEFIELD, REGINA LYNN
                                          G8B//10735142

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation _____ accompany _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____                           _____

                          _____ of _____County, Texas

_____            By _____
          Affiant                                  Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                          _____
                                                   Notary Public

N.INT.CITR.P                  *73398388*

## SERVICE AFFIDAVIT
### No. 2017-48281

| | | |
|---|---|---|
| **WAHLBERG MCCREARY, INC.** | : | **IN THE DISTRICT COURT OF** |
| **MCCREARY MANUFACTURING CO.,** | : | |
| **INC.** | : | **HARRIS COUNTY, TEXAS** |
| **VS.** | : | |
| **ARCH INSURANCE GROUP, INC.** | : | **80TH JUDICIAL DISTRICT** |
| **YORK RISK SERVICES GROUP,** | : | |
| **WORLEY CSD, STEVE MAZEY** | : | |

On this the 1st Day of September, 2017, **Charles Fitzpatrick** appeared before me, the undersigned Notary Public and after being duly sworn, deposed and stated as follows:

1. My name is **Charles Fitzpatrick**. I am over eighteen (18) years of age and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

2. I am a Certified Civil Process Server authorized under written order of the Supreme Court of Texas service civil process in the State of Texas, including Harris County.

3. I was employed to serve the defendant a copy of **Citation & Plaintiff's Original Petition**.

4. I am not a party to this case and I have no interest in the outcome of this case.

5. I have never been convicted of a felony or misdemeanor in any City, State or Federal Jurisdiction.

Came to Hand at 10:00AM on 08/04/2017. **Served at 87 Williamsburg Ln., Houston, Texas 77024 in Harris County on 09/01/2017 at 10:31AM**. I hand served a copy of the Citation & Plaintiff's Original Petition to defendant **Arch Insurance Group Inc. by serving its Registered Agent Bob Gefers**.

_____
**Charles Fitzpatrick**
State Certified Civil Process Server
SCH000010505
Exp: September 30, 2019

STATE OF TEXAS
COUNTY OF HARRIS

BEFORE ME, the undersigned authority, in and for said county and state, on this the 1st of September, 2017 personally appeared **Charles Fitzpatrick**, known to me, after being identified through the driver's license, to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that the statements contained in the foregoing affidavit are true and correct.

SUBSCRIBED AND SWORN TO ME on this the 1st of September, 2017.

ADRIAN LIRA
Notary Public, State of Texas
My Commission Expires
March 04, 2019

_____
Notary Public in and for the State of Texas

46478.001

9/1/2017 10:25 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19197718
By: ALEX CASARES
Filed: 9/1/2017 10:25 AM

CAUSE NO.  201748281

RECEIPT NO.                         0.00      MTA
              **********                 TR # 73398396

PLAINTIFF: WAHLBERG MCCREARY INC          In The  80th
           vs.                            Judicial District Court
DEFENDANT: ARCH INSURANCE GROUP INC       of Harris County, Texas
                                          80TH DISTRICT COURT
                                          Houston, TX

                         CITATION

THE STATE OF TEXAS                          46478-2
County of Harris

TO: WORLEY CSD MAY BE SERVED BY SERVING CT CORP
    (OR WHEREVER THE COMPANY MAY BE FOUND)
    1999  BRYAN STREET SUITE 900   DALLAS TX  75201 - 3136
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>20th day of July, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of July, 2017, under my hand and
seal of said Court.

<u>Issued at request of</u>:                _Chris Daniel_
BARTON, DANIEL                             CHRIS DANIEL, District Clerk
1201  SHEPHERD DRIVE                       Harris County, Texas
HOUSTON, TX  77007                         201 Caroline, Houston, Texas 77002
Tel: (713) 227-4747                        (P.O. Box 4651, Houston, Texas 77210)
<u>Bar No.</u>:  789774                     Generated By: BRINCEFIELD, REGINA LYNN
                                           GBB//10735142

              OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                              _____

                                           _____ of _____County, Texas

_____                            By _____
        A.                                           Deputy

On this day, _____ _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                           _____
                                                   Notary Public

N.INT.CITR.P                   *73398396*

### SERVICE AFFIDAVIT
#### No.  2017-48281

| | | |
|---|---|---|
| **WAHLBERG MCCREARY, INC.** | : | **IN THE DISTRICT COURT OF** |
| **MCCREARY MANUFACTURING CO.,** | : | |
| **INC.** | : | **HARRIS COUNTY, TEXAS** |
| **VS.** | : | |
| **ARCH INSURANCE GROUP, INC.** | : | **80TH JUDICIAL DISTRICT** |
| **YORK RISK SERVICES GROUP,** | : | |
| **WORLEY CSD, STEVE MAZEY** | : | |

On this the 30th Day of August, 2017, Joseph Morse appeared before me, the undersigned Notary Public and after being duly sworn, deposed and stated as follows:

1. My name is Joseph Morse. I am over eighteen (18) years of age and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

2. I am a Certified Civil Process Server authorized under written order of the Supreme Court of Texas service civil process in the State of Texas, including Harris County.

3. I was employed to serve the defendant a copy of Citation & Plaintiff's Original Petition.

4. I am not a party to this case and I have no interest in the outcome of this case.

5. I have never been convicted of a felony or misdemeanor in any City, State or Federal Jurisdiction.

Came to Hand at 10:00 AM on 08/04/2017. Served at 1999 Bryan Street, Suite 900, Dallas, TX 75201 in Dallas County on 8/11/2017 at 9:15 am. Certified Mail (7017 0530 0001 0861 8355) delivered a copy of the Citation & Plaintiff's Original Petition to defendant Worley CSD may be served by serving CT Corp.

Joseph Morse
State Certified Civil Process Server
SCH000003036
Exp: September 30, 2019

STATE OF TEXAS
COUNTY OF HARRIS

BEFORE ME, the undersigned authority, in and for said county and state, on this the 30th of August, 2017 personally appeared Joseph Morse, known to me, after being identified through the driver's license, to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that the statements contained in the foregoing affidavit are true and correct.

SUBSCRIBED AND SWORN TO ME on this the 30th of August, 2017.

JAIME HOLDER
Notary Public, State of Texas
Comm. Expires 06-06-2021
Notary ID 124001533

Notary Public in and for the State of Texas

46478.002

# USPS Tracking® Results

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package +

Remove ✕

**Tracking Number:** 70170530000108618355

▶        ▶        ▶    Delivered

**Updated Delivery Day:** Friday, August 11, 2017 ⓘ

## Product & Tracking Information

See Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| August 11, 2017, 9:15 am | Delivered | DALLAS, TX 75201 |

---

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Worley CSD
Registered Agent: CT Corporation
1999 Bryan Street, Suite 900
Dallas, TX 75201

9590 9402 2222 6193 5008 55

2. Article Number *(Transfer from service label)*

7017 0530 0001 0861 8355

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
Clint Wells            AUG 11 2017

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

46478-1

3. Service Type
☐ Adult Signature          ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☑ Certified Mail®          ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery   ☑ Return Receipt for Merchandise
☐ Collect on Delivery        ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

*Official Copy Office of Chris Daniel District Clerk*

9/1/2017 10:17 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19197283
By: ALEX CASARES
Filed: 9/1/2017 10:17 AM

CAUSE NO.  201748281

RECEIPT NO.                    0.00      MTA
          **********                     TR # 73398407

PLAINTIFF: WAHLBERG MCCREARY INC                    In The   80th
                vs.                                 Judicial District Court
DEFENDANT: ARCH INSURANCE GROUP INC                 of Harris County, Texas
                                                    80TH DISTRICT COURT
                                                    Houston, TX

                              CITATION

THE STATE OF TEXAS                                  46478-4
County of Harris

TO: YORK RISK SERVICES INC MAY BE SERVED BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE CO
    (OR WHEREVER THE COMPANY MAY BE FOUND)
    211  E 7TH STREET SUITE 620  AUSTIN TX  78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 20th day of July, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of July, 2017, under my hand and
seal of said Court.

Issued at request of:                    CHRIS DANIEL, District Clerk
BARTON, DANIEL                           Harris County, Texas
1201  SHEPHERD DRIVE                     201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 227-4747
Bar No.:  789774                         Generated By: BRINCEFIELD, REGINA LYNN
                                         G8B//10735142

                    OFFICER/AUTHORIZED PERSON RETURN
Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said _____ Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                          _____ of _____ County, Texas

_____                     By _____
        Affiant                                        Deputy

On this day, _____, known to me to be the person whose
signature appears _____ return, personally appeared. After being by me duly sworn,
he/she stated that _____ as executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED _____ ORE ME, on this _____ day of _____, _____.

                                          _____
                                                   Notary Public

N.INT.CITR.P                          *73398407*

## SERVICE AFFIDAVIT
### No. 2017-48281

| | | |
|---|---|---|
| **WAHLBERG MCCREARY, INC.** | : | **IN THE DISTRICT COURT OF** |
| **MCCREARY MANUFACTURING CO.,** | : | |
| **INC.** | : | **HARRIS COUNTY, TEXAS** |
| **VS.** | : | |
| **ARCH INSURANCE GROUP, INC.** | : | **80TH JUDICIAL DISTRICT** |
| **YORK RISK SERVICES GROUP,** | : | |
| **WORLEY CSD, STEVE MAZEY** | : | |

On this the 30th Day of August, 2017, Joseph Morse appeared before me, the undersigned Notary Public and after being duly sworn, deposed and stated as follows:

1. My name is Joseph Morse. I am over eighteen (18) years of age and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

2. I am a Certified Civil Process Server authorized under written order of the Supreme Court of Texas service civil process in the State of Texas, including Harris County.

3. I was employed to serve the defendant a copy of Citation & Plaintiff's Original Petition.

4. I am not a party to this case and I have no interest in the outcome of this case.

5. I have never been convicted of a felony or misdemeanor in any City, State or Federal Jurisdiction.

Came to Hand at 10:00 AM on 08/04/2017. Served at 211 East 7th Street, Suite 620, Austin, TX 78701 in Travis County on 8/10/2017 at 10:23 am. I hand served a copy of the Citation & Plaintiff's Original Petition to defendant York Risk Services Group, INC. by serving Registered Agent CSC.

Joseph Morse
State Certified Civil Process Server
SCH000003036
Exp: September 30, 2019

STATE OF TEXAS
COUNTY OF HARRIS

BEFORE ME, the undersigned authority, in and for said county and state, on this the 30th of August, 2017 personally appeared Joseph Morse, known to me, after being identified through the driver's license, to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that the statements contained in the foregoing affidavit are true and correct.

SUBSCRIBED AND SWORN TO ME on this the 30th of August, 2017.

JAIME HOLDER
Notary Public, State of Texas
Comm. Expires 06-06-2021
Notary ID 124001533

Notary Public in and for the State of Texas

46478.004

# USPS Tracking® Results

FAQs  >  (http://faq.usps.com/?articleId=220900)

## Track Another Package  +

Remove ✕

**Tracking Number:** 70170530000108618409

▶      ▶      ▶   **Delivered**

**Updated Delivery Day:** Thursday, August 10, 2017 ⓘ

# Product & Tracking Information

**See Available Actions**

**Postal Product:**          **Features:**
                             Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| August 10, 2017, 10:23 am | Delivered | AUSTIN, TX 78741 |

Your

August

August

August

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

York Risk Services, Inc.
Registered Agent: CSC
211 E. 7th St., Suite 620
Austin, TX 78701

9590 9402 2222 6193 5010 67

2. Article Number *(Transfer from service label)*

7017 0530 0001 0861 8409

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ Chris Seizer          ☐ Agent
                                          ☐ Addressee
B. Received by *(Printed Name)*   C. Date of Delivery
                                   AUG 10 2017
D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

46478-4

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

9/5/2017 9:30 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19221490
By: Bonnie Lugo
Filed: 9/5/2017 9:30 AM

CAUSE NO. 2017-48281

| | | |
|---|---|---|
| WAHLBERG MCCREARY, INC., and | § | IN THE DISTRICT COURT OF |
| MCCREARY MANUFACTURING CO., | § | |
| INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ARCH INSURANCE GROUP, INC., | § | |
| YORK RISK SERVICES GROUP, | § | |
| WORLEY CSD, and STEVE MAZEY | § | |
| | § | |
| Defendants. | § | 80TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant York Risk Services Group, Inc. ("York") files this Original Answer in response to the Original Petition filed on July 20, 2017 (the "Petition"), and any amendments or supplements thereto, by Plaintiffs Wahlberg McCreary, Inc. and McCreary Manufacturing Co, Inc. ("Plaintiffs"). York reserves the right to amend its original answer pursuant to Rule 63 of the Texas Rules of Civil Procedure or any other applicable rule or court order.

## GENERAL DENIAL

1. As authorized by Rule 92 of the Texas Rules of Civil Procedure, York generally denies each and every, all and singular, material allegation contained in the Petition, and any amendments or supplements thereto, and demands that

1

Plaintiffs provide strict proof of each and every allegation by the appropriate burden of proof, as required by the Constitution and laws of the State of Texas.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

Subject to and without waiving their general denial, and for further answer if necessary, York, pursuant to Tex. R. Civ. P. 94 and Texas law, asserts the following affirmative defenses and other defensive matters, each of which is pled in the alternative to the extent necessary.

2.     Pleading in the alternative, to the extent necessary, York asserts that Plaintiffs' alleged claims are barred or limited, in whole or in part, by the terms, conditions, limitations, exclusions, deductible(s), and other provisions contained in any applicable insurance policy.

3.     Pleading in the alternative, to the extent necessary, York asserts that Plaintiffs' alleged claims are barred, in whole or in part, to the extent Plaintiffs failed to mitigate their alleged damages, if any, and to the extent Plaintiffs' own acts, errors or omissions proximately caused or contributed to Plaintiffs' alleged damages.

4.     Pleading in the alternative, to the extent necessary, York asserts that Plaintiffs' alleged injuries and damages, if any, were the result of conditions not caused, in whole or in part, by any act or omission by or on behalf of York.

2

5.      Pleading in the alternative, to the extent necessary, York asserts that Plaintiffs' alleged injuries and damages, if any, were due to a new and independent, superseding, or intervening cause, in whole or in part, for which York is not responsible.

6.      Pleading in the alternative, to the extent necessary, York asserts that Plaintiffs' alleged injuries and damages, if any, were proximately caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility, or other conduct by or on behalf of other persons or entities for whom York is not legally responsible.

7.      Pleading in the alternative, to the extent necessary, York asserts and pleads the application of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, and seeks a comparison of its responsibility, any such responsibility being expressly denied, with Plaintiffs, any codefendants, any and all settling parties, all designated responsible third parties, and all responsible non-parties, if any. York requests that any judgment rendered reflect the rights of contribution accorded in Chapter 33 of the Texas Civil Practice & Remedies Code.

8.      Pleading in the alternative, to the extent necessary, York asserts that Plaintiffs' claims are barred, in whole or in part, by comparative responsibility, and that the responsibility of other persons or entities must be proportioned as required by Chapters 32 and 33 of the Texas Civil Practice & Remedies Code.

3

9.     Pleading further, and in the alternative, to the extent necessary, and with respect to Plaintiffs' allegations of punitive and/or exemplary damages, which are otherwise denied, York pleads as follows:

a.     Plaintiffs' alleged claim for punitive damages against York cannot be maintained because an award of punitive damages under current Texas law would be void for vagueness. Among other deficiencies, there is an absence of adequate notice of what alleged conduct is subject to punishment, an absence of adequate notice as to the maximum amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Sections 13 and 19 of the Texas Constitution, and the common law and public policies of the State of Texas.

b.     Plaintiffs' alleged claim for punitive damages against York cannot be maintained because any award of punitive damages under Texas law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of any defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict, the likelihood of which is otherwise denied, would violate York's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Article I, Sections 13 and 19, and would be

4

improper under the common law and public policies of the State of Texas.

c.   To the extent that the law of Texas permits punishment to be measured by the net worth or financial status of a defendant, and imposes greater punishment on a defendant with larger net worth, then any such punitive award, the likelihood of which is expressly denied, would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of a defendant in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 13 and 19 of the Texas State Constitution.

10.   York reserves the right to assert additional affirmative defenses pursuant to Tex. R. Civ. P. 94 after completing a reasonable inquiry into each and every material allegation contained in the Petition, and any amendments or supplements thereto.

<u>CONCLUSION AND PRAYER</u>

Defendant York Risk Services Group, Inc. respectfully requests that judgment be granted in its favor, that Plaintiffs Wahlberg McCreary, Inc. and McCreary Manufacturing Co, Inc. take nothing by reason of their claims against York Risk Services Group, Inc., and that Defendant York Risk Services Group, Inc. be granted all such other and further relief, at law and in equity, general and special, to which it may be justly entitled.

Dated: September 5, 2017.

5

Respectfully submitted,

PARSONS MCENTIRE MCCLEARY & CLARK
PLLC

  /s/ Robert M. Rosen
Robert M. Rosen
State Bar No. 24060520
rrosen@pmmclaw.com
Ryan D. Starbird
State Bar No. 24075623
rstarbird@pmmclaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas  75201
Telephone:  (214) 237-4300
Facsimile:  (214) 237-4340

*Attorneys for Defendant*
*York Risk Services Group, Inc.*

6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on all known counsel of record in accordance with the Texas Rules of Civil Procedure on September 5, 2017.

Daniel P. Barton                                                           *Via U.S. Mail*
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas 77007


   /s/ Ryan D. Starbird
Ryan D. Starbird

7

9/22/2017 5:56 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19624719
By: ALEX CASARES
Filed: 9/22/2017 5:56 PM

## CAUSE NO. 2017-48281

| | | |
|---|---|---|
| **WAHLBERG MCCREARY, INC.** | § | **IN THE DISTRICT COURT OF** |
| **MCCREARY MANUFACTURING CO.,** | § | |
| **INC.** | § | |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **ARCH INSURANCE GROUP, INC.** | § | |
| **YORK RISK SERVICES GROUP,** | § | |
| **WORLEY CSD, STEVE MAZEY** | § | |
| | § | |
| *Defendants* | § | **80TH  JUDICIAL DISTRICT** |

### DEFENDANTS ARCH INSURANCE GROUP, INC., YORK RISK SERVICES GROUP, WORLEY CSD and STEVE MAZEY'S <u>ORIGINAL ANSWER AND GENERAL DENIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Arch Insurance Group, Inc., York Risk Services Group, Worley CSD and Steve Mazey files this their Original Answer and General Denial to Plaintiffs' Original Petition and would respectfully show the court as follows:

### I.   <u>GENERAL DENIAL</u>

Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiffs be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

1

## II.    PRAYER

Defendants request that Plaintiffs take nothing by its claims and that it be granted any and all other relief to which they may show itself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ James N. Isbell*
    James N. Isbell
    *Email:* jisbell@thompsoncoe.com
    State Bar No.  10431900
    Christopher H. Avery
    Texas State Bar No. 24069321
    *E-Mail:* *cavery@thompsoncoe.com*
    One Riverway, Suite 1400
    Houston, Texas   77056-1988
    Telephone: (713) 403-8210
    Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Texas Rules of Civil Procedure, on this the 22nd day of September, 2017.

    Robert D. Green
    Daniel P. Barton
    Wayne D. Collins
    Hunter M. Klein
    Green & Barton
    1201 Shepherd Drive
    Houston, Texas 77007

    */s/ James N. Isbell*
    James N. Isbell